NINA WILDER (SBN 100474)
LAW OFFICES OF WEINBERG & WILDER
523 Octavia Street
San Francisco, California 94102
Tel.   (415) 431-3472
Fax.   (415) 552-2703
E-Mail: ninawilder@aol.com

MICHAEL ROMANO (SBN 232102)
BRAD HANSEN (Law Student)
SCOTT CAMPBELL (Law Student)
STANFORD LAW SCHOOL
Mills Legal Clinic
559 Nathon Abbot Way
Stanford, CA 94305

Attorneys for Petitioner,
TOMMY LEE FRYMAN

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE FRYMAN, | No. C-05-0156-MHP (PR) |
| Petitioner, | |
| vs. | REQUEST FOR CERTIFICATE OF APPEALABILITY; [PROPOSED] |
| W.A. DUNCAN, Warden, et al., | ORDER GRANTING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner TOMMY LEE FRYMAN, by undersigned counsel, moves the Court, the Honorable Marilyn Hall Patel presiding, for a Certificate of Appealability (COA) under FRAP 22 and Circuit Rule 22-1.  On January 8, 2010, the Court issued a judgment and order denying Petitioner habeas corpus relief.  (Documents 51 and 52.)  The judgment encompassed two orders: an interim order entered on July 16, 2009 (Document 38) denying Petitioner's due process/equal protection claim under the Fourteenth Amendment; and a final order (Document 51) denying Petitioner's Eighth Amendment claim.  Petitioner seeks certification of both claims.

The AEDPA requires a district court to issue a COA as to an order denying a state

1 prisoner's habeas petition or a § 2255 motion when "the applicant has made a substantial
2 showing of the denial of a constitutional right." To meet this threshold inquiry, the petitioner
3 must demonstrate that the issues are debatable among jurists of reason; that a court could resolve
4 the issues in a different manner; or that the questions are adequate to deserve encouragement to
5 proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). As *Lambright*
6 further explains,

> In non-capital, as well as capital cases, the issuance of a COA is not precluded where the petitioner cannot meet the standard to obtain a writ. *See Jefferson v. Wellborn*, 222 F.3d 286, 289 (7th Cir. 2000) (explaining that a COA should issue unless the claims are "utterly without merit"). [FN 4]. This general principle reflects the fact that the COA requirement constitutes a gatekeeping mechanism that prevents us from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [the Court of Appeals] through full briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit.

*Lambright*, 220 F.3d at 1025.

Consistent with these principles, any doubt as to whether the petitioner has met this standard must be resolved in his favor. *Id.*; *see also Slack v. McDaniel*, 529 U.S. 473 (2000).

The Court must either issue a COA or state why a Certificate should not issue in order for petitioner to take an appeal. Petitioner's anticipatory notice of appeal was filed on January 27, 2010.

Neither of Petitioner's claims are frivolous. As such, the within COA should issue.

Dated: February 16, 2010                    Respectfully submitted,

/s/   Nina Wilder
NINA WILDER
Attorney for Petitioner
TOMMY LEE FRYMAN

**[PROPOSED] ORDER**

The following claims are certified for appeal:

___X___ Claim One: The Fourteenth Amendment's guarantees of Equal Protection and Due Process command that Petitioner be afforded the opportunity for probation and drug treatment under Proposition 36, in that his conviction was not final at the effective date of that enactment, July 1, 2001; and

___X___ Claim Two: The harshness of Petitioner's life sentence under Caifornia's Three Strikes law is grossly disproportionate to the gravity of his most recent offense and criminal history in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

IT IS SO ORDERED.

Dated: 2/17/2010



HON. MARILYN H. PATEL
United States District Court Judge