1  NINA WILDER (SBN 100474)
   LAW OFFICES OF WEINBERG & WILDER
2  523 Octavia Street
   San Francisco, California 94102
3  Tel.    (415) 431-3472
   Fax.    (415) 552-2703
4  E-Mail: ninawilder@aol.com

5  MICHAEL ROMANO (SBN 232102)
   BRAD HANSEN (Law Student)
6  SCOTT CAMPBELL (Law Student)
   STANFORD LAW SCHOOL
7  Mills Legal Clinic
   559 Nathon Abbot Way
8  Stanford, CA 94305

9  Attorneys for Petitioner,
   TOMMY LEE FRYMAN

10

11              UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
   TOMMY LEE FRYMAN,              )        No. C-05-0156-MHP (PR)
14                                 )
              Petitioner,          )
15                                 )
          vs.                      )        REQUEST FOR CERTIFICATE OF
16                                 )        APPEALABILITY; [PROPOSED]
   W.A. DUNCAN, Warden, et al.,    )        ORDER GRANTING CERTIFICATE OF
17                                 )        APPEALABILITY
              Respondent.          )
18 _____)

19

20         Petitioner TOMMY LEE FRYMAN, by undersigned counsel, moves the Court, the

21  Honorable Marilyn Hall Patel presiding, for a Certificate of Appealability (COA) under FRAP 22

22  and Circuit Rule 22-1.  On January 8, 2010, the Court issued a judgment and order denying

23  Petitioner habeas corpus relief.  (Documents 51 and 52.)  The judgment encompassed two orders:

24  an interim order entered on July 16, 2009 (Document 38) denying Petitioner's due process/equal

25  protection claim under the Fourteenth Amendment; and a final order (Document 51) denying

26  Petitioner's Eighth Amendment claim.  Petitioner seeks certification of both claims.

27         The AEDPA requires a district court to issue a COA as to an order denying a state

28

REQUEST FOR COA; PROPOSED ORDER
05-CV-0156-MHP

1  prisoner's habeas petition or a § 2255 motion when "the applicant has made a substantial

2  showing of the denial of a constitutional right."  To meet this threshold inquiry, the petitioner

3  must demonstrate that the issues are debatable among jurists of reason; that a court could resolve

4  the issues in a different manner; or that the questions are adequate to deserve encouragement to

5  proceed further."  *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000).  As *Lambright*

6  further explains,

7    In non-capital, as well as capital cases, the issuance of a COA is not precluded where the
     petitioner cannot meet the standard to obtain a writ.  *See Jefferson v. Wellborn*,
8    222 F.3d 286, 289 (7th Cir. 2000) (explaining that a COA should issue unless the
     claims are "utterly without merit"). [FN 4].  This general principle reflects the fact
9    that the COA requirement constitutes a gatekeeping mechanism that prevents us
     from devoting judicial resources on frivolous issues while at the same time
10   affording habeas petitioners an opportunity to persuade [the Court of Appeals]
     through full briefing and argument of the potential merit of issues that may
11   appear, at first glance, to lack merit.

12 *Lambright*, 220 F.3d at 1025.

13      Consistent with these principles, any doubt as to whether the petitioner has met this

14 standard must be resolved in his favor.  *Id.*; *see also Slack v. McDaniel*, 529 U.S. 473 (2000).

15      The Court must either issue a COA or state why a Certificate should not issue in order

16 for petitioner to take an appeal.  Petitioner's anticipatory notice of appeal was filed on January

17 27, 2010.

18      Neither of Petitioner's claims are frivolous.  As such, the within COA should issue.

19
   Dated:  February 16, 2010                    Respectfully submitted,
20
                                                /s/  Nina Wilder
21                                              NINA WILDER
                                                Attorney for Petitioner
22                                              TOMMY LEE FRYMAN

23

24

25

26

27

28

1

~~[PROPOSED]~~ ORDER

2    The following claims are certified for appeal:

3    ___X___ Claim One:  The Fourteenth Amendment's guarantees of Equal Protection and

4    Due Process command that Petitioner be afforded the opportunity for probation and drug

5    treatment under Proposition 36, in that his conviction was not final at the effective date of that

6    enactment, July 1, 2001; and

7    ___X___ Claim Two:  The harshness of Petitioner's life sentence under Caifornia's Three

8    Strikes law is grossly disproportionate to the gravity of his most recent offense and criminal

9    history in violation of the Eighth Amendment's prohibition against cruel and unusual

10   punishment.

11       IT IS SO ORDERED.

12

13   Dated:  2/17/2010

14                                                    HON. _____ L. PATEL
                                                      United

15                                                    IT IS SO ORDERED

16                                                    Judge Marilyn H. Patel

17

18

19

20

21

22

23

24

25

26

27

28